# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND
# GREENBELT DIVISION

| | |
|---|---|
| Terry Parker, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| J.C. Christensen & Associates, Inc.; and DOES 1-10, inclusive, | **COMPLAINT** |
| Defendants. | |

For this Complaint, the Plaintiff, Terry Parker, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of JCC's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Terry Parker ("Plaintiff"), is an adult individual residing in Laurel, Maryland, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, J.C. Christensen & Associates, Inc. ("JCC"), is a Minnesota business

entity with an address of 215 North Benton Drive, Sauk Rapids, Minnesota 56379-1530, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by JCC and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. JCC at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to JCC for collection, or JCC was employed by the Creditor to collect the Debt.

11. The JCC attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. JCC Engages in Harassment and Abusive Tactics

12. Within the last year, JCC contacted Plaintiff in an attempt to collect the Debt.

13. During the initial conversation and in every conversation thereafter, Plaintiff informed JCC the Debt was past the statute of limitations and that Plaintiff refused to pay the Debt. Plaintiff further instructed JCC to cease all communications with him.

14. Thereafter, JCC continued to contact Plaintiff at an excessive rate, causing Plaintiffs phone to ring five to six times per day.

15. Defendants called Plaintiff and failed to identify themselves.

16. Plaintiff sent a letter to JCC disputing the Debt and requesting that JCC provide verification of the Debt. JCC acknowledged receipt of said letter during conversations with Plaintiff.

17. Without providing any such verification, JCC continued to attempt to collect the Debt at an excessive and harassing rate as aforementioned.

C. **Plaintiff Suffered Actual Damages**

18. The Plaintiff has suffered and continues to suffer actual damages as a result of the JCC's unlawful conduct.

19. As a direct consequence of the JCC's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, fear, frustration and embarrassment.

**COUNT I**
**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.**

20. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. JCC's conduct violated 15 U.S.C. § 1692d in that it engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

22. The JCC's conduct violated 15 U.S.C. § 1692d(5) in that it caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

23. The JCC's conduct violated 15 U.S.C. § 1692d(6) in that it placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

24. The JCC's conduct violated 15 U.S.C. § 1692g(b) in that Defendants continued collection efforts even though the Debt had not been verified.

25. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

26. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT
## MD. CODE COMM. LAW § 14-201, et seq.

27. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The Defendants are each individually a "collector" as defined under MD. Code Comm. Law § 14-201(b).

29. The debt is a "consumer transaction" as defined under MD. Code Comm. Law § 14-201(c).

30. The Defendants repeatedly contacted the Plaintiff with the intent to harass or abuse, in violation of MD. Code Comm. Law § 14-202(6).

31. The Plaintiff is entitled to damages proximately caused by the JCC's violations.

## COUNT IV
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

32. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The *Restatement of Torts, Second,* § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

34. Maryland further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendants violated Maryland state law.

35. The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff by placing daily calls to Plaintiff's phone up to six times per day.

36. The telephone calls made by the Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered "hounding the plaintiff" and "a substantial burden to her existence," thus satisfying the *Restatement of Torts, Second,* § 652(b) requirement for an invasion of privacy.

37. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

38. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4. Actual damages pursuant to MD. Code Comm. Law § 14-203;

5. Actual damages pursuant to MD. Ann. Code. Bus. Reg. § 7-401(b);

6. Actual damages from the Defendants for the all damages suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 13, 2011

                Respectfully submitted,
                By /s/ Forrest E. Mays
                Forrest E. Mays (Bar No. 07510)
                1783 Forest Drive, Suite 109
                Annapolis, MD  21401
                Telephone: (410) 267-6297
                Facsimile: (410) 267-6234
                Email: mayslaw@mac.com

                Of Counsel To
                LEMBERG & ASSOCIATES L.L.C.
                A Connecticut Law Firm
                1100 Summer Street, 3rd Floor
                Stamford, CT 06905
                Telephone: (203) 653-2250
                Facsimile:  (203) 653-3424
                ATTORNEYS FOR PLAINTIFF